900

Beth Ann MEEKISON,
Plaintiff–Appellee,

v.

George VOINOVICH, et
al., Defendants,

**Ohio Department of Rehabilitation and
Correction, Defendant–Appellant.**

No. 98–4107.

United States Court of Appeals,
Sixth Circuit.

June 18, 2003.

Before MARTIN, Chief Judge;
KRUPANSKY and COLE, Circuit Judges.

*ORDER*

The Ohio Department of Rehabilitation and Correction (ODRC) appeals the district court order denying the ODRC's motion for summary judgment on the basis of Eleventh Amendment immunity in this case brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1). The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Beth Ann Meekison sued Ohio Governor George Voinovich, ODRC Director Reginald A. Wilkinson, and the ODRC. Meekison alleged that she was terminated from her position as a psychologist assistant with the ODRC in violation of the ADA and the ADEA. The defendants moved for summary judgment. The district court granted the motion in part and denied it in part. *Meekison v. Voinovich,* 17 F.Supp.2d 725, 729–30 (S.D.Ohio 1998). The court dismissed Meekison's claims against Voinovich and Wilkinson, but rejected the ODRC's argument that it was immune under the Eleventh Amendment. The ODRC filed a notice of appeal.

On appeal, the ODRC argues that the Supreme Court's decisions in *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), and *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), require reversal of the district court's decision. Meekison filed a letter in lieu of a brief in which she concedes that she cannot pursue claims under the ADA against the state of Ohio and its agencies.

■ Upon review, we conclude that the district court's decision must be reversed in light of *Kimel* and *Garrett*. In *Kimel*, the Court held that Eleventh Amendment immunity bars suits for monetary relief against a state under the ADEA. 528 U.S. at 91. In *Garrett*, the Supreme Court held that Eleventh Amendment immunity also bars monetary relief against a state under Title I of the ADA. 531 U.S. at 374. The ODRC is a state agency and thus immune from Meekison's claim for monetary damages. Accordingly, the district court's decision denying summary judgment on Meekison's claim for monetary relief must be reversed.

■ The only remaining issue is whether Meekison has any other claim for relief. The Court expressly limited its holding in *Garrett* to claims for monetary relief, and noted that private individuals may sue for injunctive relief to enforce the standards of the ADA under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *Garrett*, 531 U.S. at 374 n. 9. The same is true under the ADEA. *State Police for Automatic Ret. Ass'n v. DiFava*, 317 F.3d 6, 12 (1st Cir.2003). We will, therefore, remand this case to the district court further proceedings with respect to these claims.

For the foregoing reasons, we reverse in part the district court's order denying summary judgment to the ODRC and remand this case to the district court for further proceedings.